IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. 3:10-CV-471 |
| Plaintiff, | ) ) | |
| v. | ) ) | **COMPLAINT** |
| MARVIN'S FRESH FARMHOUSE, INC. | ) ) ) | **JURY TRIAL DEMAND** |
| Defendant. | ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race and retaliation and to provide appropriate relief to Darick Alsbrooks and Michelle T. Johnson who were adversely affected by such practices. The U.S. Equal Employment Opportunity Commission (the "Commission") alleges that defendant Marvin's Fresh Farmhouse, Inc. ("Defendant") discriminated against Darick Alsbrooks by subjecting him to racial harassment and demoting him because of his race, African-American. The Commission also alleges that Defendant discriminated against Alsbrooks by discharging him in retaliation for filing an EEOC charge. The Commission further alleges that Defendant discharged Michelle T. Johnson based on her race, white, and because of her association with Alsbrooks. Finally, the Commission alleges that Defendant violated Section 711(a) of Title VII, 42 U.S.C. § 2000e-10(a) by failing to post or display information regarding the laws enforced by the Commission.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3) ("Title VII"), and section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina.

## PARTIES

3.      Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant has continuously been a North Carolina corporation doing business in the State of North Carolina and the City of Mount Pleasant, and has continuously had at least fifteen employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Darick Alsbrooks and Michelle T. Johnson each filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7. <u>Darick Alsbrooks – racial harassment</u>. From around mid-August 2009 until around December 4, 2009, Defendant engaged in unlawful employment practices at its restaurant in Mount Pleasant, North Carolina (hereafter "the restaurant") in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1). Specifically, Defendant subjected Alsbrooks to severe or pervasive racial comments and conduct based on his race, African-American, which created a racially hostile work environment. The racial comments and conduct were unwelcome to Alsbrooks and were made by Defendant's male co-owner, who is white and by some of Defendant's customers, who also are white.

8. The racial comments made by Defendant's male co-owner included name-calling, such as "nigger," and "boy," both directly to Alsbrooks and about Alsbrooks to others, including Alsbrooks' co-workers and customers of the restaurant. Additionally, Defendant's male co-owner assaulted Alsbrooks with a garbage can on one occasion, which he did not do to any of Alsbrooks' white co-workers.

9. The racial comments made by Defendant's customers included name-calling and other racial slurs. Specifically, Alsbrooks was directly called "nigger" or heard other African-Americans being referred to as "nigger" or "goddamned nigger" by some of Defendant's customers at the restaurant. In addition, Alsbrooks heard himself be referred to as "colored boy" by one of Defendant's customers. Some of the customers who made these racial remarks were, upon information and belief, personal acquaintances of Defendant's male co-owner.

10. The racial comments referenced above were made to or within the hearing of Alsbrooks on an almost daily basis. The racial comments and race-based conduct were unwelcome and were offensive to Alsbrooks and Alsbrooks did not invite or otherwise welcome

3

them. Defendant's male co-owner, who was in Alsbrooks' direct line of supervision, often witnessed the offensive racial comments being made to Alsbrooks, but did nothing to stop them.

11. <u>Darick Alsbrooks – demotion.</u>  Around late September 2009 or early-October 2009, Defendant engaged in an unlawful employment practice at the restaurant in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1), when it demoted Alsbrooks from his position as first shift cook to dishwasher because of his race, African-American.  Alsbrooks was hired as a first shift cook on August 7, 2009, was qualified for the position, and satisfactorily performed his job duties in the position until his demotion.  As cook, Alsbrooks worked in a part of the restaurant that was visible to customers.  After comments were made at the restaurant by some of Defendant's white customers indicating that they did not want an African-American person cooking their food, Defendant demoted Alsbrooks to dishwasher because of his race, in late September or early October 2009.  As a dishwasher, Alsbrooks worked in the back of the restaurant out of immediate view of customers.  Defendant's male co-owner stated to at least one person that Defendant had to move "the nigger" from the front of the restaurant so that "nobody [white customers] could see him."

12.  The demotion involved a change in status and decreased pay for Alsbrooks. After Defendant's demotion of Alsbrooks, around November 4, 2009 Defendant replaced Alsbrooks with a person who is white and who was equally or less qualified than Alsbrooks.  At all relevant times, Alsbrooks was the only African-American person who worked at the restaurant.

13. <u>Darick Alsbrooks – discharge.</u>  On or about December 4, 2009, Defendant engaged in an unlawful employment practice at the restaurant in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a), when it discharged Alsbrooks because of he engaged in an activity

protected by Title VII. On November 9, 2009, Alsbrooks filed a charge of discrimination with the Commission against Defendant alleging racial harassment and race-based demotion. After Defendant received notice of the charge, one of Defendant's customers subjected Alsbrooks to harassment on the basis of his race, which resulted in an incident involving Alsbrooks and the customer on or about December 1, 2009. The incident was instigated by the customer, who had previously called Alsbrooks "nigger" on an almost daily basis when visiting the restaurant

14. The incident was preceded by said customer referring to Alsbrooks as "nigger" out loud in the restaurant on the morning of December 1, 2009. The customer later returned to the restaurant and tried to provoke Alsbrooks to leave the restaurant and fight him in the parking lot. Alsbrooks refused to leave the restaurant to fight the customer. Defendant's male co-owner witnessed the incident, including the customer's taunting of Alsbrooks, and did nothing to stop the customer from taunting Alsbrooks or to otherwise intervene. At all relevant times, said customer who is white, was a personal acquaintance of Defendant's male co-owner and worked for Defendant's male co-owner at another location.

15. On December 4, 2009, less than one month following Alsbrooks' filing of a charge of discrimination, Defendant's male co-owner discharged Alsbrooks for alleged performance problems and allegedly because of the incident with the customer described above. The male co-owner discharged Alsbrooks at the facility when Alsbrooks arrived to retrieve his paycheck. As more fully described below, claimant Michelle T. Johnson was discharged at or about the same time.

16. <u>Michelle T. Johnson – race (association) discharge</u>. On or about December 4, 2009, Defendant engaged in an unlawful employment practice at the restaurant in violation of

Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1) by discharging Johnson because of her race, white, and her association with Alsbrooks, who is African-American.

17. Johnson was hired on August 7, 2009, as a first shift server and satisfactorily performed her job duties in that position throughout her employment. During Johnson's employment, Johnson specifically heard the customer who was involved in the incident with Alsbrooks on December 1, 2009 (hereafter "the customer"), refer to Alsbrooks as "nigger" or "goddamn nigger" on a daily or almost daily basis.

18. On or about December 2, 2009, the date after the incident involving Alsbrooks, the customer asked Johnson out on a date. When Johnson responded "no," the customer said to Johnson that he knew that he was not the "right color" for Johnson. The customer then called Johnson a "nigger-lover." Johnson, understanding that the customer was referring to her association with Alsbrooks, responded that Alsbrooks was "more of a man" than the customer. The customer angrily responded that he would have Johnson's job because he and Defendant's male co-owner, in the customer's words, "are friends."

19. Shortly after this exchange between Johnson and the customer, Johnson witnessed the customer talking privately to the male co-owner. The next day, on or about, December 3, 2009, the male co-owner gave Johnson a disciplinary notice and discharged her for "unacceptable behavior with a customer" and for alleged performance deficiencies.

20. On or around December 4, 2009, Johnson returned to the restaurant to retrieve her final paycheck. Alsbrooks arrived at the restaurant at the same time to retrieve his paycheck. As noted above, Alsbrooks was advised of his discharge at this time. Additionally, at this time, Johnson was told by the male co-owner that if she wanted her job back she would have to apologize to the customer. Johnson refused to apologize to the customer, and thus she was not

rehired. The male co-owner later told at least one customer that he had intended to rehire Johnson until he saw her arrive to pick up her paycheck with Alsbrooks. Defendant discharged Johnson based on her race, white, and because of her association with Alsbrooks, who is African American.

21. <u>Notice Posting</u>. From April 2009 to present, Defendant engaged in unlawful employment practices at the restaurant in violation of Section 711(a) of Title VII, 42 U.S.C. §2000e-10(a). Specifically, Defendant failed to post and keep posted notices which have been prepared or approved by the Commission setting forth excerpts from or summaries of the pertinent provisions of Title VII and information pertinent to the filing of a charge or complaint.

22. The effect of the practices complained above has been to deprive Darick Alsbrooks of equal employment opportunities and otherwise adversely affect his status as an employee because of Alsbrooks' race, African-American and because of his opposition to practices made unlawful under Title VII and his participation in a proceeding under Title VII.

23. The effect of the practices complained above has been to deprive Michelle T. Johnson of equal employment opportunities and otherwise adversely affect her status as an employee because of Johnson's race, white, and her association with an African-American.

24. The unlawful employment practices complained of above were intentional.

25. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Darick Alsbrooks and Michelle T. Johnson.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, servants, employees, attorneys, assigns, and all persons in active concert or participation with it, from maintaining a racially hostile work environment or from any other employment practices that discriminate on the basis of race, and from retaliating against employees who oppose unlawful discrimination, make a charge of unlawful discrimination, or participate in an investigation of unlawful discrimination.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for African-Americans, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to post and keep posted notices which have been prepared or approved by the Commission setting forth excerpts from or summaries of the pertinent provisions of Title VII and information pertinent to the filing of a charge or complaint.

D. Order Defendant to make whole Darick Alsbrooks and Michelle T. Johnson by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices described above, including but not limited to reinstatement and front pay for Alsbrooks and Johnson.

E. Order Defendant to make whole Darick Alsbrooks and Michelle T. Johnson by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including such things as job search expenses and medical expenses incurred as a result of the loss of employment, in amounts to be determined at trial.

F. Order Defendant to make whole Darick Alsbrooks and Michelle T. Johnson by providing compensation for past and future non-pecuniary losses resulting from the unlawful

employment practices complained of herein, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

    G.    Order Defendant to pay Darick Alsbrooks and Michelle T. Johnson punitive damages for its malicious and reckless conduct, described herein, in amounts to be determined at trial.

    H.    Grant such further relief as the Court deems necessary and proper in the public interest.

    I.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

DATED this the 23rd day of September, 2010.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507

s/ Lynette A. Barnes
LYNETTE A. BARNES (NC Bar #19732)
Regional Attorney

TINA BURNSIDE

Supervisory Trial Attorney

s/ Stephanie M. Jones
STEPHANIE M. JONES (GA Bar #403598)
Trial Attorney

EQUAL EMPLOYMENT OPPOTURNITY
COMMISSION
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, N.C. 28202
Phone: (704) 954-6471
Fax: (704) 954-6412
E-mail: Stephanie.jones@eeoc.gov


ATTORNEYS FOR PLAINTIFF